## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENN MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, GLENN MILLER, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC ("DYNAMIC") and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of Bronx, New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      DYNAMIC is a foreign limited liability company, with offices located at 135 Interstate Blvd., Suite 6, Greenville, South Carolina, 29615.

8.      Upon information and belief, DYNAMIC uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect and purchasing of debts.

9.      DYNAMIC is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all City of New

York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New York City consumers who were sent letters and/or notices from DYNAMIC concerning a debt, and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A and Exhibit C**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.    Whether the Defendants violated various provisions of the FDCPA;

b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Prior to March 19, 2020, Plaintiff incurred a financial obligation to Credit One Bank, N.A. ("CREDIT ONE").

16.    The CREDIT ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The CREDIT ONE obligation did not arise out of a business transaction.

18.    The CREDIT ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.    CREDIT ONE are is "creditor" as defined by 15 U.S.C. § 1692a(4).

20.    On or before March 19, 2020, the CREDIT ONE obligation was purchased by LVNV FUNDING, LLC ("LVNV").

21.     At the time the CREDIT ONE obligation was purchased by LVNV, the obligation was past due.

22.     At the time the CREDIT ONE obligation was purchased by LVNV, the obligation was in default.

23.     On or before March 19, 2020 LVNV placed the CREDIT ONE with DYNAMIC for the purpose of collection.

24.     At the time the CREDIT ONE obligation was place with DYNAMIC by LVNV, the obligation was in default.

25.     DYNAMIC caused to be delivered to Plaintiff a letter dated March 19, 2020, which was addressed to Plaintiff.  **Exhibit A.**

26.     The March 19, 2020 letter was sent to Plaintiff in connection with the collection of the CREDIT ONE obligation.

27.     The March 19, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28.     Upon receipt, Plaintiff read the March 19, 2020 letter.

29.     The March 19, 2020 letter stated in part:

> Itemization of balance:  Charge –off Balance: $869.79
> Interest Accrued since Charge-off: $0.0
> Non-interest charges accrued since charge-off: $0.00
> Non-interest fees accrued since charge-off: $0.00
> Total amount of payments since charge-off: $0.00
> Date of Last payment: 09/25/18

30.     The March 19, 2020 letter further provided:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume the debt to be valid. If you notify this office in writing

> within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the the current creditor.

31.    On April 6, 2020, Plaintiff through his undersigned attorney dispute the debt in writing and request verification of said debt.  **Exhibit B**.

32.    On April 7, 2020, DYNAMIC send a letter in response to Plaintiff's request for verification of the debt. **Exhibit C**.

33.    The April 7, 2020 letter was sent in connection with the collection of the CREDIT ONE obligation.

34.    The April 7, 2020 letter stated: **"This is an attempt to collect a debt by a debt collector and any information obtained will be used for the purpose."**

35.    The April 7, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2)

36.    The April 7, 2020 letter was forwarded to Plaintiff.

37.    Upon receipt, Plaintiff read in its entirety, DYNAMIC'S April 7, 2020 letter.

38.    The April 7, 2020 letter stated in the first paragraph: "Thank you for your recent contact concerning your account placed to Dynamic Recovery Solutions (DRS)…."

39.    The term *"your account"* in the April 7, 2020 letter, is a reference to the Credit One Bank obligation owed by Plaintiff.

40.    The April 7, 2020 letter sent by DYNAMIC was intended to provide account information for Plaintiff to review relating to the validity of the debt.

41.    The April 7, 2020 letter further stated in part:

**Original Creditor:    Credit One Bank, N.A.
Original Account Number: XXXXXXXXXXXX3163**

**Current Creditor:     LVNV FUNDING LLC**
**Current Account No.: XXXXXXX1746**
**Current Balance:        $869.79**

42.     The April 7, 2020 letter further stated:

> Unless you notify this office within 30 days after receiving this
> notice that you dispute the validity of this debt, or any portion
> thereof, this office will assume the debt to be valid. If you notify this
> office in writing within 30 days from receiving this notice, that you
> dispute the validity of this debt or any portion thereof, this office will
> obtain verification of the debt or obtain a copy of a judgment
> judgment and mail you a copy of such judgment or verification. If
> you request of this office in writing within 30 days after receiving
> this notice, this office will provide you with the name and address of
> the original creditor, if different from the the current creditor.

43.     The April 7, 2020 letter further stated on the reverse side:

> **Itemization of the debt: Balance upon placement to Dynamic
> Recovery Solutions (DRS): [$869.79]; Interest/Fees accrued since
> placement to DRS: [$0.00]; Attorney fees/others fees accrued since
> placement to DRS: $0.00; Total amount received: [$869.79].**

44.     As of April 7, 2020, Plaintiff had not paid DYNAMIC $869.79.

45.     The April 7, 2020 letter further stated on the reverse side:

> **Your creditor or debt collector believes that the legal time
> limit (statute of limitations) for suing you to collect this may
> have expired.**

46.     The term *"for suing you"* in the April 7, 2020 letter, is referring to suing Plaintiff.

47.     Plaintiff's last payment on the debt was made on September 25, 2018.

48.     As of April 7, 2020, the statute of limitations on the debt had not yet expired.

49.     The statute of limitations on the debt is not less then fours years from September
25, 2018.

50.     DYNAMIC  knew or should have known that its actions violated the FDCPA.

51.     DYNAMIC could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

52.     It is DYNAMIC'S policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and/or Exhibit C**, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     Making a false representation s as to the legal status of the debt;

(c)     Making a false representation s as to the amount of the debt;

(d)     Making a false representation s as to the character of the debt; and

(e)     Failing to effectively provide notice pursuant to 15 U.S.C. §1692g(a) *et seq.*

53.     On information and belief, DYNAMIC sent written communications in the form annexed hereto as **Exhibit A and/or Exhibit C**, to at least 40 natural persons in the City of New York, State of New York with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

54.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

55.     Collection letters and/or notices, such as those sent by DYNAMIC, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

56.    15 U.S.C. §1692e(A)(2) prohibits a debt collector in connection with the collection of any debt, from making a false representation of the character, amount, or legal status of any debt.

57.    DYNAMIC violated 15 U.S.C. §1692e(A)(2) by stating in the April 7, 2020 letter: "**Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this may have expired**", when in fact the statute of limitation has not yet expired.

58.    The least sophisticated consumer upon reading the April 7, 2020 letter would be lead to believe that he if chose not to pay the debt, that he could not be sued.

59.    The least sophisticated consumer upon reading the April 7, 2020 letter would be mislead as to the legal status of the debt.

60.    DYNAMIC further violated 15 U.S.C. §1692e(A)(2) by stating in the April 7, 2020 letter: **"Total amount received: [$869.79]"**.

61.    The least sophisticated consumer upon reading the April 7, 2020 letter would be lead to believe that the amount of $869.79 had already been paid to DYNAMIC.

62.    DYNAMIC'S misrepresentations are material as it will affect the least sophisticated consumer's decision as to whether or not he should pay the debt.

63.    15 U.S.C. §1692g(a) *et seq.*, provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (1)    the amount of the debt;
>
> (2)    the name of creditor to whom the debt is owed;
>
> (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt,

or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)    a statement the if the consumer notifies the debt collector in writing within thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

(5)    a statement that, upon written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

64.    Defendants violated 15 U.S.C. §1692g(a) *et seq.*, by sending a letters dated March 19, 2020 and April 7, 2020 containing the validation notice.

65.    By sending two letters within thirty days of each other, DYNAMIC failed to effectively provide the required notice to Plaintiff.

66.    Upon reading both letters sent by DYNAMIC the least sophisticated consumer would be unsure of when the thirty-day period starts and when it ends.

67.    Upon reading the April 7, 2020 letter, the least sophisticated consumer would be unsure as to whether he is required to submit a second dispute.

68.    Upon reading the April 7, 2020 letter, the least sophisticated consumer would be unsure as to whether he is required to submit a second dispute, relative to the information provided in the second letter.

69.    DYNAMIC'S violation of 15 U.S.C. §1692g(a) *et seq.*, is material as it leaves the the least sophisticated consumer unsure of what he must do to effective dispute the debt.

70.    15 U.S.C. §1692e provides: 'A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

71.    15 U.S.C. §1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

72.    DYNAMIC violated 15 U.S.C. §1692e(10) by making false representations and using deceptive means to attempt to collect a debt from Plaintiff.

73.    DYNAMIC further violated 15 U.S.C. §1692e(10) by making a false representation in the April 7, 2020 letter, that the statute of limitations to sue Plaintiff in the debt may have expired.

74.    As of April 7, 2020, the statute of limitations to sue Plaintiff on the debt had not yet expired.

75.    DYNAMIC further violated 15 U.S.C. §1692e(10) by making a false representation in the April 7, 2020 letter as to the "**Total amount received [$869.79]**".

76.    DYNAMIC further violated 15 U.S.C. §1692e(10) by making a false representation in the April 7, 2020 letter as to the "**Total amount received [$869.79]**" when In fact Plaintiff never paid any amount to DYNAMIC.

77.    DYNAMIC'S violation of 15 U.S.C. §1692e(10) is material as it affects the least sophisticated consumers as to whether or not he should pay the debt or if he even owes the debt if DYNAMIC has already received $869.79.

78.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

79.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

80.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

81.    Plaintiff has suffered damages and other harm as a direct result of DYNAMIC'S actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 7, 2020

<div style="margin-left:40%">

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

</div>

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

# DYNAMIC
## RECOVERY SOLUTIONS

Dynamic Recovery Solutions, LLC
135 Interstate Blvd. | Greenville, SC 29615

**DRS Reference Number: 116201746**

**Original Creditor:** Credit One Bank, N.A.
**Original Account Number:** ***********3163
**Current Creditor:** LVNV Funding LLC
**Reference Number:** ▇▇▇▇▇▇
**Total Outstanding Balance:** $869.79

Itemization of balance: Charge-off Balance: $869.79
Interest Accrued since Charge-off: $0.00;
Non-interest charges accrued since charge-off: $0.00
Non-interest fees accrued since charge-off: $0.00
Total amount of payments made on the debt since the charge-off: $0.00
Date of Last Payment: 09/25/18

March 19, 2020

Dear Glenn Miller II,

The above referenced account has been placed in our office for collection. In order to assist you in resolving this debt, we can offer the following options:

| OPTION 1 | OPTION 2 |
|---|---|
| You may resolve your account for **$661.04**. To accept, make your payment by **May 4, 2020**. We are not obligated to renew this offer. | You may resolve your account for **$704.53** in 2 payments of **$234.84** and a final payment of **$234.85**. To accept, make your first payment by **May 4, 2020** and your second payment by **June 3, 2020** and your third payment by **July 3, 2020**. We are not obligated to renew this offer. |

The offers listed are not your only options. If you are unable to accept one of the offers, we take pride in working with consumers regardless of your current financial position. Please contact our office to discuss your options.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

| Customer Service:<br>844-217-9133 | http://drs.cssimpact.com/negotiator/ | PO BOX 25759<br>GREENVILLE, SC 29616-0759 | PayPal<br>paymentprocessing@gotodrs.com |
|---|---|---|---|

**New York City Residents: Please contact Molly Hoskinson at 877-821-1659 to resolve this debt. New York City Department of Consumer Affairs License Number 1314030-DCA.**

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Sincerely,
Dynamic Recovery Solutions, LLC

**PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Please Detach And Return In The Enclosed Envelope With Your Payment.

PO BOX 25759
GREENVILLE, SC 29616-0759

Payment Options: Online • visit us at http://drs.cssimpact.com/negotiator • Money Gram • use code: 7353
Toll Free Phone: 844-217-9133 • Check or Money Order payable to Dynamic Recovery Solutions

| TO PAY BY CREDIT ARD, PLEASE COMPLETE THE FOLLOWING: | VISA | | | Check | Money Order |
|---|---|---|---|---|---|
| CARD NUMBER | | | | EXP DATE | |
| SIGNATURE | | | | SECURITY CODE | |
| DRS REFERENCE NUMBER | | CIRCLE PAYMENT OPTION 1  2 | | AMOUNT | |

Glenn Miller II

  

New York Residents: Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P | LVNV Funding, LLC | Ashley Funding Services LLC |
| Resurgent Acquisitions LLC | PYOD LLC | SFG REO, LLC |
| Resurgent Receivables LLC | Pinnacle Credit Services, LLC | CACV of Colorado, LLC |
| Resurgent Funding LLC | Sherman Originator LLC | Anson Street LLC |
| CACH, LLC | Sherman Originator III LLC | Sherman Acquisition LLC |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

# Exhibit

# B

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

## Jones, Wolf & Kapasi LLC
### ATTORNEYS AT LAW

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottleib, Esq.

††Admitted NY, NJ, CT
†Admitted NY, NJ

www.legaljones.com

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

*Reply to:  New York*

April 6, 2020

Fax (866) 205-5166 and First Class Mail

Dynamic Recovery Solutions, LLC
135 Interstate Blvd.
Greenville, SC 29615

Re:     Glenn Miller II
        Original Creditor: Credit One Bank, N.A.
        Current Creditor: LVNV Funding, LLC
        DRS Reference No.: ████████
        Reference No.: ████████

To Whom It May Concern:

This firm has been retained to represent the interest of Glenn Miller, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Miller.  Furthermore, Mr. Miller hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact him on his mobile telephone, whether by calling, texting or emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of a portion of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Dynamic Recovery Solutions, LLC, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

JONES, WOLF & KAPASI, LLC
*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

jkj@legaljones.com

# Exhibit

# C



**DYNAMIC**
RECOVERY SOLUTIONS
135 Interstate Blvd, Suite 6
Greenville, SC 29615

Toll Free: 877-821-1659
Hours of Operation: Mon-
Fri 8AM - 9PM EST
www.gotodrs.com

**April 7, 2020**

**Joseph Jones**
**One Grand Central Place**
**%MILLER II, GLENN**
**60 East 42nd St. 46 Floor**
**NEW YORL, NY 10165**

## Original Creditor: Credit One Bank, N.A.
## Original Account Number: ▮▮▮▮▮3163
## Current Creditor: LVNV FUNDING LLC
## Current Account No: ▮▮▮1746
## Current Balance: $869.79

Thank you for your recent contact concerning your account placed to Dynamic Recovery Solutions (DRS). If you have any questions, please contact our office at 877-821-1659.

Thank you,

Dynamic Recovery Solutions

**This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

New York Residents: Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers'' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days. Itemization of debt: Balance upon placement to Dynamic Recovery Solutions (DRS): [$869.79]; Interest/fees accrued since placement to DRS: [$0.00]; Attorney fees/other fees accrued since placement to DRS: $0.00; Total amount received: [$869.79]

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice:
Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.
Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization."

New York City Residents: Please contact Brittney Scott at 866-821-1659 to resolve this debt. New York City Department of Consumer Affairs License Number 612800.